# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1145

_____

United States of America,      *
                               *
            Appellee,          *
                               *    Appeal from the United States
    v.                         *    District Court for the
                               *    Southern District of Iowa.
Juan Jose Rincon-Nieto,        *
                               *        [UNPUBLISHED]
            Appellant.         *

_____

Submitted: May 13, 2008
Filed: June 17, 2008

_____

Before RILEY, BOWMAN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Juan Jose Rincon-Nieto (Rincon-Nieto) pled guilty to a charge of illegal reentry by a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The presentence report determined (1) Rincon-Nieto's base offense level was 8, pursuant to U.S.S.G. § 2L1.2(a); and (2) Rincon-Nieto was subject to a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because he was deported after conviction for a felony crime of violence. After a three-level reduction for acceptance of responsibility, Rincon-Nieto's total offense level was 21, and with a criminal history category of IV,

his resulting sentencing range was 57-71 months. The district court[1] sentenced Rincon-Nieto to 57 months imprisonment. On appeal, Rincon-Nieto contends the district court erred in finding that a State of Iowa conviction for an aggravated misdemeanor crime of domestic assault, which was subject to an enhanced sentence punishable by up to two years imprisonment based on a prior domestic assault conviction, was a felony crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.2 (defining a felony offense as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year").

The Supreme Court's recent decision in United States v. Rodriguez, 553 U.S. __, 128 S. Ct. 1783, No. 06-1646 (May 19, 2008), supplies persuasive authority. In Rodriguez, the Court held a state enhancement based on a recidivist provision is applicable to a determination of a maximum term of imprisonment under the Armed Career Criminal Act. Id. at 1793. Following the Rodriguez reasoning, by analogy, the district court was correct in finding Rincon-Nieto's 2003 Iowa conviction for a recidivist enhanced domestic assault qualified as a crime of violence under U.S.S.G. § 2L1.2, thereby supporting the 16-level enhancement. Contrary to Rincon-Nieto's argument, a defendant's prior record of convictions is relevant to an evaluation of the seriousness of the subject state conviction. Id. at 1789. We affirm.

_____

---

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.